UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

***

| | |
|---|---|
| TAMMY BREEDEN, | 2:11-cv-01785-KJD -VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| THE VONS COMPANIES, INC., *et al.,* | |
| Defendant. | |

Before the court is defendant The Vons Companies, Inc's (hereinafter "Vons") Motion to Compel Plaintiff to Appear at an Independent Medical Examination and to Pay Fee on an Order Shortening Time. (#18). Plaintiff Tammy Breeden filed an Opposition (#20), and Vons filed a Reply (#21). The court held a hearing on July 11, 2012, at 11:00 a.m.

**Background**

Plaintiff filed her complaint in the Eighth Judicial District Court, Clark County, Nevada, on October 7, 2011, asserting a claim for negligence relating to a slip and fall that allegedly occurred while plaintiff was shopping at the defendants' grocery store. (#1-1). Plaintiff allegedly suffered a fractured ankle as a result of the incident. *Id.* The action was removed to this court on November 7, 2011, based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(b). (#1). On May 14, 2012, after the court issued an order setting a status conference regarding the parties' failure to file a discovery plan, the parties filed a discovery plan and scheduling order (#12), which the court signed the same day (#13). On June 11, 2012, the court granted defendants Safeway Stores, Inc, and Safeway, Inc's (hereinafter "Safeway

defendants") motion to dismiss based on the fact that the Safeway defendants did not own, operate, or maintain the premises where the incident occurred. (#14).

Plaintiff and defendant Vons agreed to an Independent Medical Examination (hereinafter "IME") of plaintiff to be performed by David Silverberg, M.D. on May 15, 2012, at 2:00 p.m. (#18). Notice of the IME was sent to plaintiff on May 9, 2012. (#18-1 Exhibit A). At 2:30 p.m. on the day of the IME, defense counsel was notified that plaintiff failed to appear at the examination. (#18). At plaintiff's deposition conducted thereafter, she testified that she did not appear at the IME because she was busy with a sick child and forgot about it. (#18-2 Exhibit B). A second IME is scheduled for July 24, 2012, at 2:00 p.m. (#18). Defendant requested that plaintiff pay for the second IME, but plaintiff refused to pay the $1,500.00. (#18). Defendant submits to the court that it has met and conferred with plaintiff's counsel, but that the parties have been unable to resolve the dispute. *Id.*

On June 14, 2012, defendant Vons filed the instant motion to compel plaintiff to appear at an independent medical examination and to pay fee on an order shortening time. (#18). On June 25, 2012, the court issued an order scheduling a hearing for July 11, 2012, and requiring plaintiff to file an opposition, defendant to file a reply, and Dr. Silverberg to file a declaration. (#19). Plaintiff filed an opposition (#20), and Vons filed a reply (#21), attaching Dr. Silverberg's declaration thereto (#21-1 Exhibit A).

**Motion To Compel**

Defendant Vons asserts that even though plaintiff has agreed to attend the July IME, it believes that this court should issue an order requiring her to appear "to avoid another incident of [p]laintiff neglecting the appointment." *Id.* Defendant argues that the IME is "a vital part of [d]efendant's defense," and that the IME will provide the parties with the opportunity to "fully determine the extent of the injuries allegedly sustained." *Id.* Dr. Silverberg charged $1,500.00 for the first IME, which defendant paid. *Id.* Defendant asserts that plaintiff should have to pay for the rescheduled IME. *Id.*

Defendant argues that Dr. Silverberg blocked out two hours for the IME, and that when plaintiff failed to appear, the doctor had a huge gap in his schedule that he could not fill with other patients. *Id.* Since plaintiff gave Dr. Silverberg's staff no advance notice, the doctor was unable to refund the money. *Id.* Defendant argues that as defendant paid for the first IME, which plaintiff failed to attend, plaintiff should be ordered to pay for the second one. *Id.*

Plaintiff asserts that she is a stay at home mother with two small children, and that on the day of the IME, she lost track of time because she was dealing with one of the children experiencing pain in and around her ear. (#20). Plaintiff states that it was an accident, and that she agreed to pay a reasonable sum less than the full $1,500.00 for the missed IME, but that defendant refused. (#20 Exhibit 1). Plaintiff argues that the court should deny the request for plaintiff to pay the cost of the IME, because the motion is untimely and sanctions are an inappropriate remedy. (#20). In the alternative, plaintiff asserts that the court should only hold plaintiff responsible for Dr Silverberg's "reasonable costs incurred as a result of her failure to appear." *Id.*

Plaintiff asserts that defendant's prepayment of $1,500.00 to Dr. Silverberg should be considered a cost incurred during the litigation, and that, as such, defendant's request for plaintiff to pay the costs is untimely presented. (#20); *See* Fed. R. Civ. P. 54 (stating that appropriate costs should be awarded to the prevailing party once judgment is entered); Local Rule 54-1 (providing that "the prevailing party shall be entitled to reasonable costs," and that "[a] prevailing party who claims such costs shall serve and file a bill of costs and disbursements on the form provided by the Clerk no later than fourteen (14) days after the date of entry of the judgment or decree.").

Plaintiff also argues that defendant's request is "essentially a request for the [p]laintiff to be sanctioned for her failure to appear at the initial IME," and that such sanctions are inappropriate because plaintiff did not violate a court order, but simply missed an appointment. *Id; See* Fed. R. Civ. P. 37(b)(2)(A)(I)-(vi) and 37(b)(2)(B). Plaintiff asserts that Dr. Silverberg has a duty to mitigate his

damages, and that during the two hour appointment, he could have completed "tasks demanding his attention as a busy surgeon." (#20). Plaintiff concedes that Dr. Silverberg deserves some compensation, but argues that the $1,500.00 requested is extreme, and that $100-$200 an hour is more reasonable. *Id.*

As requested by this court (#19), Dr. Silverberg provided the court with a declaration explaining the effect of plaintiff's failure to appear. (#21-1 Exhibit A). In the declaration, Dr. Silverberg states that he spent an hour prior to the scheduled IME reviewing voluminous medical records, and that his office received the $1,500.00 payment from defendant prior to the appointment. *Id.* Dr. Silverberg also states that he waited in his office for plaintiff on the day of the IME, and that he incurred a "significant amount of costs and lost earnings" due to plaintiff's failure to appear. *Id.* Dr. Silverberg is a trauma surgeon, and, as such, asserts that it is impossible to schedule patients on short notice, as his patients require x-rays, scans, and blood work prior to visiting his office. *Id.* Dr. Silverberg states that he could have collected between $1,500.00 and $6,000.00 during the time set aside for plaintiff, and that he will require an additional payment of $1,500.00 for another IME, as that is the minimum amount of money that he could reasonably make during that time period. *Id.*

**Relevant Law and Discussion**

    A.    **Order to Appear at IME**

Pursuant to Federal Rule of Civil Procedure 35(a), "[t]he court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination..." In a negligence action where the plaintiff asserts mental or physical injury, that mental or physical injury is placed into controversy. *Schlagenhauf v. Holder,* 379 U.S. 104, 119, 85 S. Ct. 234 (1964). Good cause exists to order an examination where a movant makes an affirmative showing that the IME could adduce certain facts relevant to the action, and that the IME

is necessary to the parties' case. *See Womack v. Stevens Transport, Inc.,* 205 F.R.D. 445, 447 (E.D. Pa. 2001).

Plaintiff asserts a claim of negligence against defendant Vons for the alleged slip and fall that resulted in plaintiff's fractured ankle. (#1-1). Defendant argues that the IME is "a vital part of [d]efendant's defense," and plaintiff does not dispute that the IME is necessary. (#18 and #20). The court finds that good cause exists to order plaintiff to submit to an IME. *See* Fed. R. Civ. P. 36(a); *Schlagenhauf,* 379 U.S. at 119; *Womack,* 205 F.R.D. 445, 447. Plaintiff is hereby ordered to appear at the IME scheduled for July 24, 2012. Failure to appear may result in the imposition of sanctions. *See* Fed. R. Civ. P. 37(b).

### B. Sanctions for Failure to Appear at IME

Fed. R. Civ. P. 37(b), which provides sanctions for failure to obey discovery orders, makes specific reference to orders on motions under Rule 35 for physical or mental evaluations. Rule 37(b) usually has no application if there has not been a court order. Fed. R. Civ. P. 37(b); *See MacGregor v. Mallinckrodt, Inc.,* 373 F.3d 923 (8th Cir. 2004); *Fremont Energy Corp. v. Seattle Post Intelligence*, 688 F.2d 1285 (9th Cir. 1982). Some courts, however, have held that sanctions do not depend upon entry of a court order regarding discovery, because federal courts have inherent power to levy sanctions in response to abusive litigation practices, and the Magistrate Judge may invoke that power. *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124 (2d Cir. 1998); *REP MCR Realty, L.L.C. v. Lynch,* 363 F. Supp. 2d 984 (N.D. Ill. 2005), aff'd, 200 Fed. Appx. 592 (7th Cir. 2006) (holding that sanctions of dismissal of a third-party complaint was appropriate when the party generated a fabricated letter in discovery).

If failure to comply with a discovery order has occurred, it becomes incumbent upon the disobedient party to show that its failure is justified or that special circumstances would make award of expenses unjust. *David v. Hooker, Ltd.*, 560 F.2d 412 (9th Cir. 1977). Many courts have imposed

sanctions in the form of expenses where the court finds that the discovery abuses are on-going, the abuses are willful, and the disobedient party has repeatedly failed to participate in discovery. *Nat. Fire & Marine Ins. Co. v. Robin James Const., Inc.*, 478 F. Supp. 2d 660 (D. Del. 2007); *Green v. Baca*, 225 F.R.D. 612 (C.D. Cal. 2005); *Rottlund Co., Inc. v. Pinnacle Corp.*, 222 F.R.D. 362 (D. Minn. 2004).

There is no evidence that plaintiff's failure to appear at the IME was willful, and plaintiff has represented to the court that she will attend the second scheduled IME. (#20). This is not a situation where "abusive litigation practices," which are on-going or willful, are demonstrated. *Id; DLC Management Corp.*, 163 F.3d 124. Even so, as plaintiff's failure to appear will result in defendant incurring unnecessary expenses, the court finds that requiring plaintiff to pay a reasonable amount is warranted. *See Matei v. Cessna Aircraft Co.,* 35 F.3d 1142 (7th Cir. 1994) (holding that the court may exercise its discretion in imposing appropriate sanctions for any discovery violation, and has broad discretion in fashioning an appropriate sanction in relation to the violation); *Residential Funding Corp. v. DeGeorge Financial Corp.,* 306 F.3d 99 (2d Cir. 2002) (same).

Dr. Silverberg states in his declaration that he "blocked out a two hour period of time...for the IME," and that he "spent at least one hour preparing" for the IME by reviewing "voluminous medical records." (#21-1 Exhibit A). Dr. Silverberg spent one hour reviewing medical records, leaving another hour for the physical examination of the plaintiff. *Id.* Given the proximity of the original IME, it is unlikely that Dr. Silverberg will need to devote another full hour to reviewing plaintiff's medical records. If defendant chooses to pay Dr. Silverberg $1,500.00 for another two hours of his time to complete the IME, that is a matter between the defendant and Dr. Silverberg, and not for the court to decide at this time. Defendant is awarded $600 as a reasonable amount to compensate the defendant for plaintiff's failure to attend the original IME as scheduled. Payment of the $600 is stayed during the pendency of this action. The $600 shall be deducted from any agreed settlement or judgment entered in plaintiff's favor. In the event the case ends with a judgment in favor of the defense, the $600 shall be

included as taxable costs, unless the full amount of Dr. Silverberg's IME fees are taxed by the clerk or court order.

Accordingly and for good cause shown,

IT IS ORDERED that defendant The Vons Companies, Inc's Motion to Compel Plaintiff to Appear at an Independent Medical Examination and to Pay Fee on an Order Shortening Time (#18) is GRANTED.

IT IS FURTHER ORDERED that plaintiff shall appear on July 24, 2012, at 2:00 p.m. at Silver State Orthopedics, 3006 South Maryland Parkway, Suite 570, Las Vegas, NV 89109 for Dr. Silverberg to conduct an IME.

IT IS FURTHER ORDERED that plaintiff shall pay defendant $600 due to her not attending the May 15, 2012, IME. Payment shall be in accordance with the directives above.

DATED this 11th day of July, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE