# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| TAMMY BREEDEN, | 2:11-cv-01785-KJD -VCF |
| Plaintiff, | **ORDER** |
| vs. | |
| THE VONS COMPANIES, INC., *et al.*, | **(Motion to Strike Expert Witness #43 and** |
| Defendant. | **Motion to Strike Witness #45)** |

Before the court are defendant The Vons Companies, Inc's (hereinafter "Vons") Motion to Strike Expert Witness (#43) and Motion to Strike Witness (#45). Plaintiff Tammy Breeden did not file oppositions to the motions (#43 and #45).

**Background**

Plaintiff filed her complaint in the Eighth Judicial District Court, Clark County, Nevada, on October 7, 2011, asserting a claim for negligence relating to a slip and fall that allegedly occurred while plaintiff was shopping at the defendants' grocery store. (#1-1). Plaintiff allegedly suffered a fractured ankle as a result of the incident. *Id.* The action was removed to this court on November 7, 2011, based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(b). (#1). On May 14, 2012, after the court issued an order setting a status conference regarding the parties' failure to file a discovery plan, the parties filed a discovery plan and scheduling order (#12), which the court signed the same day (#13). On June 11, 2012, the court granted defendants Safeway Stores, Inc, and Safeway, Inc's motion to dismiss based on the fact that the Safeway defendants did not own, operate, or maintain the premises where the incident occurred. (#14).

     Plaintiff and defendant Vons agreed to an Independent Medical Examination (hereinafter "IME") of plaintiff to be performed by David Silverberg, M.D. on May 15, 2012, at 2:00 p.m. (#18). Notice of the IME was sent to plaintiff on May 9, 2012. (#18-1 Exhibit A). At 2:30 p.m. on the day of the IME, defense counsel was notified that plaintiff failed to appear at the examination. (#18). At plaintiff's deposition conducted thereafter, she testified that she did not appear at the IME because she was busy with a sick child and forgot about it. (#18-2 Exhibit B). A second IME is scheduled for July 24, 2012, at 2:00 p.m. (#18). Defendant requested that plaintiff pay for the second IME, but plaintiff refused to pay the $1,500.00. *Id*.

     On June 14, 2012, defendant Vons filed a motion to compel plaintiff to appear at an independent medical examination and to pay fee on an order shortening time. *Id*. On June 25, 2012, the court issued an order scheduling a hearing for July 11, 2012, and requiring plaintiff to file an opposition, defendant to file a reply, and Dr. Silverberg to file a declaration. (#19). Plaintiff filed an opposition (#20), and Vons filed a reply (#21), attaching Dr. Silverberg's declaration thereto (#21-1 Exhibit A). The court held a hearing on July 11, 2012 (#23), and granted defendant's motion to compel (#18). (#22).

     On October 31, 2012, plaintiff filed her Second Supplemental Witness List (#29), listing, among others, Hart Breeden, plaintiff's husband, as a witness to testify regarding (1) her accident, (2) her medical treatments, (3) her medical bills and expenses, and (4) her continued pain, and Noah Levine, DPM, to testify regarding (1) his review of her medical records, (2) the history taken from plaintiff, (3) his physical examination of plaintiff, and (4) his opinions of plaintiff. (#29). Defendant filed a motion for summary judgment on November 9, 2012 (#31), which is pending before the court. On December 3, 2013, plaintiff filed her opposition to the motion (#33), and on December 4, 2012, plaintiff filed the supplemental affidavit of Mr. Breeden (#35). Defendant filed its reply on December 20, 2012. (#37).

     The parties filed a Proposed Joint Pretrial Order on January 7, 2013, also listing Mr. Breeden and Dr. Levine as witnesses. (#38). The court issued a minute order on January 9, 2013, referring this

action to the undersigned for a settlement conference. (#39). The court signed the Proposed Joint Pretrial Order on the same day, setting the trial for June 3, 2013. (#40). The undersigned issued an order on January 11, 2013, scheduling a settlement conference for March 27, 2013. (#41). On January 22, 2013, the court issued an order vacating the March 27, 2013, settlement conference and rescheduling it for March 28, 2013. (#42). Defendant filed the instant motion to strike Dr. Levine as an expert witness (#43) and motion to strike Mr. Breeden as a witness (#45) on January 24, 2013. Oppositions were due by February 10, 2013. (#43 and #45). To date, no oppositions have been filed.

On January 30, 2013, the parties filed a stipulation to extend discovery deadlines and to vacate the Joint Pretrial Order (#40). (#46). On February 19, 2013, the undersigned issued a minute order denying the stipulation (#46), and stating that the requests sought in the stipulation should be filed separately. (#47). The court held that "[o]nce the District Court Judge rules on a stipulation to vacate the Joint Pretrial Order and to delay settlement conference, the undersigned Magistrate Judge will consider a stipulation to extend discovery deadlines." *Id.*

**Motions To Strike**

Defendant asks this court to strike both Dr. Levine as an expert witness (#43) and Mr. Breeden as a witness (#45). Defendant asserts that, pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(v), defense counsel sought information for expert witness Dr. Levine (the past cases Dr. Levine had appeared through deposition or other testimony as an expert) on three separate occasions (November 13, 14, and 15, 2012), but that plaintiff's counsel never responded. (#43 Exhibits A, B, and C). In the last email sent to plaintiff's counsel, defense counsel stated that the failure to respond is interpreted as "acquiescence to Dr. Levin's disqualification as an expert in the underlying civil action." (#43 Exhibit C). Plaintiff did not file an opposition and did not present the court with any justification for her failure to comply with the federal rules. As plaintiff's failure to oppose the motion (#43) "constitute[s] a consent to the granting of the motion," the court finds that granting defendant's motion to strike Dr.

Levine as an expert (#43) is warranted. Local Rule 7-2(d)("The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion.").

Defendant also asks this court to strike Mr. Breeden as a witness, and asserts that (1) on October 31, 2012, he was served with a "Notice of Taking Videotapped Deposition of Hart Breeden" (Exhibit A), (2) on the same day he was served with a subpoena for his appearance at the deposition to be conducted on November 7, 2012 (Exhibit B and C), (3) on November 2, 2012, defendant sent a facsimile to plaintiff's counsel reminding counsel of Mr. Breeden's deposition (Exhibit D), (4) defendant sent another facsimile reminding plaintiff's counsel of the deposition on November 6, 2012 (Exhibit E), and (5) Mr. Breeden did not appear at his deposition and provided no explanation for his failure to appear. (#45). Discovery in this matter closed on November 7, 2012 (#12), and the parties did not state in their stipulation to extend discovery (#46) that Mr. Breeden's deposition is among the discovery that needs to be completed.

Plaintiff did not file an opposition and did not provide the court with any justification for Mr. Breeden failing to appear at his deposition. As plaintiff's failure to file an opposition "constitute[s] a consent to the granting of the motion," the court finds that granting defendant's motion to strike Mr. Breeden (#45) is warranted. LR 7-2(d).

Accordingly and for good cause shown,

IT IS ORDERED that defendant The Vons Companies, Inc's Motion to Strike Expert Witness (#43) and Motion to Strike Witness (#45) are GRANTED.

DATED this 25th day of February, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE