**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

***

TAMMY BREEDEN,

Plaintiff,

vs.

THE VONS COMPANIES, INC., *et al.*,

Defendant.

2:11-cv-01785-KJD -VCF

**ORDER**

**(Motion for Magistrate to Reconsider Order #49)**

Before the court is plaintiff Tammy Breeden's Motion for Magistrate to Reconsider Order. (#49). Defendant filed an Opposition (#51), and plaintiff did not file a Reply. The court held a hearing on April 11, 2013. (#55).

**Background**

Plaintiff filed her complaint in the Eighth Judicial District Court, Clark County, Nevada, on October 7, 2011, asserting a claim for negligence relating to a slip and fall that allegedly occurred while plaintiff was shopping at the defendants' grocery store. (#1-1). Plaintiff allegedly suffered a fractured ankle as a result of the incident. *Id.* The action was removed to this court on November 7, 2011, based on diversity jurisdiction pursuant to 28 U.S.C. § 1441(b). (#1). On May 14, 2012, after the court issued an order setting a status conference regarding the parties' failure to file a discovery plan, the parties filed a discovery plan and scheduling order (#12), which the court signed the same day (#13). On June 11, 2012, the court granted defendants Safeway Stores, Inc, and Safeway, Inc's motion to dismiss based on the fact that the Safeway defendants did not own, operate, or maintain the premises where the incident occurred. (#14).

On October 31, 2012, plaintiff filed her Second Supplemental Witness List (#29), listing, among others, Hart Breeden, plaintiff's husband, as a witness to testify regarding (1) her accident, (2) her medical treatments, (3) her medical bills and expenses, and (4) her continued pain, and Noah Levine, DPM, to testify regarding (1) his review of her medical records, (2) the history taken from plaintiff, (3) his physical examination of plaintiff, and (4) his opinions of plaintiff. (#29). Defendant filed a motion for summary judgment on November 9, 2012 (#31), which is pending before the court. On December 3, 2013, plaintiff filed her opposition to the motion (#33), and on December 4, 2012, plaintiff filed the supplemental affidavit of Mr. Breeden (#35). Defendant filed its reply on December 20, 2012. (#37).

The parties filed a Proposed Joint Pretrial Order on January 7, 2013, also listing Mr. Breeden and Dr. Levine as witnesses. (#38). The court issued a minute order on January 9, 2013, referring this action to the undersigned for a settlement conference. (#39). The court signed the Proposed Joint Pretrial Order on the same day, setting the trial for June 3, 2013. (#40). The undersigned issued an order on January 11, 2013, scheduling a settlement conference for March 27, 2013. (#41). On January 22, 2013, the court issued an order vacating the March 27, 2013, settlement conference and rescheduling it for March 28, 2013. (#42). Defendant filed a motion to strike Dr. Levine as an expert witness (#43) and a motion to strike Mr. Breeden as a witness (#45) on January 24, 2013. Oppositions were due by February 10, 2013 (#43 and #45), and no oppositions were filed.

On January 30, 2013, the parties filed a stipulation to extend discovery deadlines and to vacate the Joint Pretrial Order (#40). (#46). On February 19, 2013, the undersigned issued a minute order denying the stipulation (#46), and stating that the requests sought in the stipulation should be filed separately. (#47). The court held that "[o]nce the District Court Judge rules on a stipulation to vacate the Joint Pretrial Order and to delay settlement conference, the undersigned Magistrate Judge will consider a stipulation to extend discovery deadlines." *Id.* On February 25, 2013, the court entered an order granting the motion to strike Dr. Levine (#43) and the motion to strike Hart Breeden (#45). (#48).

Plaintiff filed the instant motion on March 5, 2013. (#49). On March 7, 2013, the court issued a minute order vacating the March 28, 2013, settlement conference and rescheduling it for April 29, 2013. (#50). Defendant filed an opposition to the motion for reconsideration (#49) on March 18, 2013. (#51). Plaintiff did not file a reply. On April 2, 2013, the court issued a minute order vacating the April 29, 2013, settlement conference and rescheduling it for April 16, 2013. (#52).

**Motion to Reconsider**

Federal Rule of Civil Procedure 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

Plaintiff argues in her motion for reconsideration that the court should reconsider its order (#48) granting the defendant's motions to strike (#43 and #45) based on mistake or excusable neglect. (#49). Plaintiff asserts that copies of these motions (#43 and #45) were not sent via U.S. Mail or facsimile, and that the defendant "relied exclusively on the Court's ECF system for service." *Id.* Plaintiff states that service of the motions were made to plaintiff's counsel's email inboxes (#49 Exhibit 3), but, that after consulting with counsel's network administrator, counsel discovered that problems with the network server at counsel's office "resulted in emails being bounced back to their source and not being received by undersigned counsel or staff." *Id.* Plaintiff's counsel asserts that "[w]ithout knowing that the two motions had ever been filed, [he] had no reason to suspect oppositions were due." *Id.* Counsel asserts

that plaintiff should be given an opportunity to oppose the two motions, as the two witnesses who were struck in this court's order (#48) "are both crucial to [p]laintiff's case." *Id.*

The court finds that reconsidering its order (#48) based on excusable neglect is appropriate, as plaintiff's counsel did not receive notice of the motions due to a network failure beyond his control. *See* Fed. R. Civ. P. 60(b)(1). The court will reconsider the motions (#43 and #45) below.

**A. Witness Mr. Breeden**

The court stated in its February 25, 2013, order striking Mr. Breeden that plaintiff's failure to file an opposition to the motion to strike Mr. Breeden (#45) constitutes a consent to the granting of the motion, and that granting the motion was warranted because plaintiff "did not provide the court with any justification for Mr. Breeden failing to appear at his deposition." (#48). The court relied on defendant's representation of the facts as follows: "(1) on October 31, 2012, he was served with a "Notice of Taking Videotapped Deposition of Hart Breeden" (Exhibit A), (2) on the same day he was served with a subpoena for his appearance at the deposition to be conducted on November 7, 2012 (Exhibit B and C), (3) on November 2, 2012, defendant sent a facsimile to plaintiff's counsel reminding counsel of Mr. Breeden's deposition (Exhibit D), (4) defendant sent another facsimile reminding plaintiff's counsel of the deposition on November 6, 2012 (Exhibit E), and (5) Mr. Breeden did not appear at his deposition and provided no explanation for his failure to appear. (#45)." *Id.*

Plaintiff asserts in her motion for reconsideration that there was a significant amount of confusion regarding the date of Mr. Breeden's deposition, and that despite the fact that the parties agreed via telephone to the deposition date of November 15, 2012, the defendant noticed the deposition for November 7, 2012 (plaintiff's counsel had allegedly informed defense counsel during discussions that plaintiff's counsel had two depositions scheduled for November 7, 2012). (#49). Plaintiff's counsel states that he did not realize that the deposition had been noticed for a date different from the agreed upon date of November 15, 2012, and that defense counsel did not contact plaintiff's counsel at

any time to reschedule the deposition for November 7, 2012. *Id.* On November 13, 2012, plaintiff's counsel sent a letter to defense counsel's office to confirm the deposition for November 15, 2012, but counsel did not receive a response. *Id.* On November 14, 2012, plaintiff's counsel's law clerk spoke with defense counsel's office and was told that defense counsel no longer wished to depose Mr. Breeden. *Id* (Exhibit 5 Letter Confirming Correspondence). Defense counsel then waited until January 24, 2013, to file the motion to strike Mr. Breeden as a witness. (#45).

Defendant does not devote a large portion of its opposition to the issue of striking Mr. Breeden as a witness, and states that if the court (1) finds that plaintiff's counsel's inadvertence and negligence in monitoring the court docket is excusable and (2) finds that plaintiff's counsel's arguments regarding his efforts in making Mr. Breeden available for his deposition have merit, "only then should this Court reconsider it February 2013 *Order*..." (#51)(emphasis in original). Defendant argued during the hearing that the parties agreed to conduct Mr. Breeden's deposition on November 7, 2013, and that defense counsel reminded plaintiff's counsel of the upcoming deposition. (#55). Plaintiff's counsel argued that he had two depositions already scheduled for November 7, 2013, and that he would not have agreed to schedule Mr. Breeden's deposition for that date. *Id.*

The court finds that vacating its order (#48) with regard to the motion to strike Mr. Breeden (#45) is appropriate, as plaintiff's counsel provided the court with a reasonable explanation for Mr. Breeden's failure to appear at the deposition. The portion of the court's order grating the motion to strike Mr. Breeden as a witness (#48) is vacated, and the motion to strike Mr. Breeden as a witness (#45) is denied. The settlement conference in this matter is scheduled for April 16, 2013. (#52). If no settlement is reached, the court will set a deadline for defendant to conduct Mr. Breeden's deposition.

**B. Expert Witness Dr. Levine**

The court held in the order striking Dr. Levine, that granting the motion was warranted because plaintiff did not file an opposition or "present the court with any justification for her failure to comply

with the federal rules." (#48). The court based its ruling on defendant's representation that, "pursuant to Federal Rule of Civil Procedure 26(a)(2)(B)(v), defense counsel sought information for expert witness Dr. Levine (the past cases Dr. Levine had appeared through deposition or other testimony as an expert) on three separate occasions (November 13, 14, and 15, 2012), but that plaintiff's counsel never responded (#43 Exhibits A, B, and C)," and that "[i]n the last email sent to plaintiff's counsel, defense counsel stated that the failure to respond is interpreted as "acquiescence to Dr. Levine's disqualification as an expert in the underlying civil action." (#43 Exhibit C)." *Id.*

Plaintiff's motion for reconsideration states that Dr. Levine is "crucial to this case as he is [p]laintiff's only expert witness," and that the motion to strike did not include a meet and confer certification pursuant to Local Rule 26-7. (#49). Plaintiff does not present the court with any justification for her failure to comply with the federal rules regarding providing defendant with the list of those cases expert witness Dr. Levine participated in as an expert within the last four years or state that she has since provided defendant with the information. *Id.* Defendant states in its opposition that plaintiff's counsel "does not aver that he did *not* receive email[] or facsimile..." attempts by defense counsel to obtain Dr. Levine's information, rather plaintiff's counsel only argues in support of the motion to reconsider that defense counsel "could not be bothered to pick up the phone for a telephone conference." (#51).

Plaintiff's counsel represented during the hearing that he faxed the requested expert information to defense counsel on April 10, 2013. (#55). Defense counsel stated that she had not received the fax as of 5:00 p.m. on April 10, 2013, and that she had not been to her office yet the morning of April 11, 2013. *Id.* Plaintiff's counsel stated that plaintiff's expert has only two prior cases for which he appeared through deposition or other testimony as an expert. *Id.*

The court finds that vacating its order (#48) with regard to the motion to strike Dr. Levine (#43) is warranted, as plaintiff has now provided defendant with the requested expert information. Providing

opposing counsel with the information pursuant to Rule 26(a)(2)(B)(v) is a simple task, and plaintiff's counsel is admonished that he has an obligation to inform the expert that the information is required under the rules. *See* Fed. R. Civ. P. 26(a)(2)(B)(v)(the expert disclosure "*must* be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:... (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition...")(emphasis added).

Plaintiff's counsel should have provided defendant with the Rule 26(a)(2)(B)(v) information without the need for court intervention. *Id.* The failure to do so warrants the imposition of sanctions. *See* Fed. R. Civ. P. 37(c)(1)(A)("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard...(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure."). On or before April 25, 2013, plaintiff must pay defendant $1,000.00.

If, upon receipt of the Rule 26(a)(2)(B)(v) information for Dr. Levine, defendant needs to re-depose Dr. Levine, defendant must meet and confer with plaintiff in a good faith effort to schedule the deposition. If the meet and confer efforts are unsuccessful, defendant may file a motion with the court. Any motion must be filed before the April 16, 2013, settlement conference. Plaintiff will pay the costs of the expert and the court reporter for Dr. Levine's deposition.

The above rulings are *without prejudice*, for defendant to file a motion *in limine* with the District Judge regarding whether Dr. Levine or Mr. Breeden may testify at trial.

Accordingly and for good cause shown,

IT IS ORDERED that plaintiff Tammy Breeden's Motion for Magistrate to Reconsider Order (#49) is GRANTED.

IT IS FURTHER ORDERED that the court's order (#48) granting the Motion to Strike Dr. Levine as a Witness (#43) and Motion to Strike Mr. Breeden as a Witness (#45) is VACATED.

IT IS FURTHER ORDERED that the Motion to Strike Dr. Levine as a Witness (#43) and Motion to Strike Mr. Breeden as a Witness (#45) are DENIED.

IT IS THEREFORE ORDERED that, if a settlement is not reached, the court will set a deadline to conduct Mr. Breeden's deposition.

IT IS FURTHER ORDERED that if, upon receipt of the Rule 26(a)(2)(B)(v) information for Dr. Levine, defendant needs to re-depose Dr. Levine and the parties are unable to agree upon the deposition after a good faith effort to do so, a motion may be filed before April 16, 2013.

IT IS FURTHER ORDERED that defendant is awarded $1,000.00 in sanctions. Plaintiff must pay defendant $1,000.00 on or before April 25, 2013.

DATED this 12th day of April, 2013.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE